[No. 13450.   Department Two.   February 2, 1917.]

## B. C. HOON et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

APPEAL—REVIEW—HARMLESS ERROR.   Where, in an action for personal injuries, plaintiff voluntarily withdrew all claims for injuries not included in the complaint, error in the admission of evidence thereon is cured by striking it and instructing the jury to disregard it.

Appeal from a judgment of the superior court for King county, Jurey, J., entered October 19, 1915, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by reason of a defective sidewalk. Affirmed.

*Hugh M. Caldwell* and *Patrick M. Tammany*, for appellant.

*Thomas R. Horner* and *James L. Crotty*, for respondents.

PARKER, J.—This is an action to recover for personal injuries which it is claimed resulted to the plaintiff Mrs. Hoon from the negligence of the defendant city in the maintenance of a defective sidewalk upon one of its public streets.  Trial in the superior court sitting with a jury resulted in verdict and judgment in favor of the plaintiffs, awarding them $500, from which the city has appealed to this court.

It is contended in the city's behalf that the trial court erred to its prejudice in admitting in evidence testimony tending to show that, shortly following being injured, Mrs. Hoon was afflicted with appendicitis as the result of, or at least as being aggravated by, her injuries.  This contention is rested upon the theory that the claim filed by respondents with the city preliminary to the commencement of this action makes no mention of any such affliction as the result of Mrs. Hoon's injuries.  After the introduction of this testimony,

[1]Reported in 162 Pac. 584.

counsel for respondents voluntarily withdrew any claim of damage they might have against the city because of Mrs. Hoon's affliction with appendicitis, and consented that all testimony with reference thereto be stricken. This withdrawal of claim of recovery upon that account, and the court's ruling striking the testimony, was made in the presence of the jury in such manner as to plainly advise the jury that it was not to take into consideration this affliction of Mrs. Hoon in measuring any award of damage which might be made in her favor. It seems quite plain to us that there was thus cured whatever error may have occurred in admission of this testimony. This plainly was not such an error in the admission of testimony as could not be cured by striking it out, accompanied by appropriate instructions to the jury, as was done in this case. Indeed, it could well be argued that the admission of this testimony was not error, in view of the language of the claim filed by respondents with the city. We note this fact as showing that there was no bad faith on the part of counsel for respondents in the offering of this testimony.

It is contended that the evidence does not support the verdict and judgment and that, for that reason, the trial court erred in declining to dispose of the case in the city's favor as a question of law, in compliance with motions and requests for instructions made by counsel. This contention involves questions of fact only. We have reviewed the evidence with care and are convinced therefrom that Mrs. Hoon was previously injured in her shoulder, her hip, and also in a measure internally, as asserted in her and her husband's claim filed with the city preliminary to the commencement of this action, and that the jury were fully warranted in concluding that her injuries resulted from the city's negligence. The award of $500 seems very moderate in amount. We think this contention needs no further notice.

The judgment is affirmed.

MORRIS, HOLCOMB, MOUNT, and FULLERTON, JJ., concur.